**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 99-20734

_____

NEW HAMPSHIRE INSURANCE COMPANY,

Plaintiff-Counter Defendant-Appellee,

versus

JOLIET EQUIPMENT CORPORATION,

Defendant-Counter Claimant-Appellant.

_____

Appeal from the United States District Court
For the Southern District of Texas
(H-97-CV-2563)

_____

May 5, 2000

Before WIENER, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

In this appeal in a declaratory judgment action, decided under Illinois insurance law, Defendant-CounterClaimant-Appellant, Joliet Equipment Corporation ("Joliet") seeks reversal of the district court's determination that the comprehensive general liability policies issued by Plaintiff-CounterDefendant-Appellee New Hampshire Insurance Company ("New Hampshire") does not require New Hampshire to provide legal defense to Joliet in a suit filed against it in federal district court in Utah by Atlas Steel Corporation for damages alleged to have resulted from the malfunction of electric motors and related equipment purchased by Atlas from Joliet.  Joliet asserts that the district court erred in

---

Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

granting summary judgment to New Hampshire by misapplying Illinois's test for coverage, being a so-called "eight-corners" test (comparing the complaint in the underlying lawsuit to the policy) plus "facts that are true but unpleaded."

After conducting our de novo review of the district court's grant of summary judgment in favor of New Hampshire in light of the facts revealed by the record on appeal and the pertinent law as related in the appellate briefs of the parties, and after hearing oral argument by able counsel for the parties, we are persuaded that the facts outside the complaint and the policy relied on by Joliet are insufficient to overcome an eight-corners determination that legal defense in the underlying litigation is not owed to Joliet by New Hampshire. We therefore conclude that summary judgment was not improvidently granted by the district court and, for essentially the same reasons given by the district court in its ruling of June 30, 1999, we affirm that court's grant of New Hampshire's Motion for Summary Judgment.
AFFIRMED.